**COLGATE–PALMOLIVE C O M P A N Y, Stalfort Pressure-Pak Corporation, John C. Stalfort & Sons, Inc., and Read Drug & Chemical Company, Inc., Appellants,**

**v.**

**CARTER PRODUCTS, Inc., and Joseph G. Spitzer and Marvin Small, Appellees.**

**No. 7075.**

United States Court of Appeals Fourth Circuit.

Argued March 13, 1957.

Decided April 1, 1957.

Mathias F. Correa, New York City (Thomas C. Mason, New York City, H. Vernon Eney, Baltimore, Md., Richard Russell Wolfe, Chicago, Ill., Cahill, Gordon, Reindel & Ohl, New York City, and Venable, Baetjer & Howard, Baltimore, Md., on the brief), for Colgate-Palmolive Co.

George B. Finnegan, Jr., New York City (Piper & Marbury, Baltimore, Md., William D. Denson, Washington, D. C., Jerome G. Lee and Morris Kirschstein, New York City, on the brief), for Carter Products, Inc., Joseph G. Spitzer and Marvin Small.

Before PARKER, Chief Judge, and SOPER and SOBELOFF, Circuit Judges.

PER CURIAM.

■ This is a motion for leave to move in the District Court to be relieved of the effect of a stipulation admitting the infringement of certain claims of a patent in suit. The case was before us on appeal in Colgate-Palmolive Company v. Carter Products, Inc., 4 Cir., 230 F.2d 855, and involved U. S. patent No. 2,655,480 relating to a pressurized shaving cream. In the District Court the defendant, Colgate-Palmolive Company, had admitted that certain of the products which it marketed infringed certain claims of the patent and the case was tried on the question of validity. The District Court, 130 F. Supp. 557, held the patent valid as to all of its claims, enjoined infringement and ordered an accounting as to damages for infringement of the claims as to which infringement had been admitted. We affirmed this decree. Colgate-Palmolive is now seeking to be relieved of its stipulation admitting infringement on the ground that this court in its decision has limited the effect of the claims as to which infringement was admitted by limiting the invention to which the claims relate.

The motion of Palmolive must be denied on the ground that there is no basis for the contention that this court intended to limit or did limit the scope of the invention or the claims of the patent in any way. On the contrary, this court placed upon the patent the same interpretation as was placed upon it by the District Court, quoted from the specification without suggesting any of the limitations now relied on by Palmolive, and nowhere intimated that the scope of the claims should be in any way limited. It is argued that in giving the history of the invention, the court described it in a more limited way than the claims; but this was not intended to limit and did not limit the claims which were set forth and discussed in another portion of the opinion, and which, on well settled principles, measure the scope of the patent. It is argued that this court intended to confine the patent to the contents of the commercial product "Rise"; but the opinion of this court does not sustain the contention. It is perfectly clear from a reading of the whole opinion that in the occasional use of the word "Rise" in describing the invention, there was no intention to limit the claims to the contents of the commercial product.

There is no allegation that the stipulation was entered into as the result of fraud or mistake. It was made by able and experienced patent lawyers who thoroughly understood what they were doing and who knew that the claims in question, if valid, were infringed by the products which had been placed on the market by their client. Having chosen to narrow their fight to the issue of validity and having lost on that issue, they must abide by the result. After validity and infringement have been decided against them in the District Court and the decree of that court has been affirmed by this court with denial of certiorari by the Supreme Court, it is too late to start all over again and deny liability on a ground that has been abandoned in the course of the trial.

■ Question has been raised as to whether it is necessary since the adoption of the Federal Rules of Civil Procedure, 28 U.S.C.A. for leave to be obtained from the appellate court for the trial court to consider a motion such as this. Without passing on the general question as to whether leave must be obtained to prosecute a motion in the District Court to modify a judgment which has been affirmed on appeal (See Moore's Federal Practice vol. 7, pp. 339–340) we think that the judge below properly ruled that leave must be obtained in the present circumstances, since the granting of the motion would necessarily involve an interpretation of our decision and a holding that the scope of the claims of the patent had been limited by that decision.

With respect to products as to which no stipulation of infringement was made,

Colgate-Palmolive is, of course, not precluded by the stipulation from denying infringement.

Motion denied.